IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| VALERIA WALKER ) | Case No. 10-02302-TOM-13 |
| ) | |
| Debtor. ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the Debtor's Motion To Reinstate (hereinafter, "Motion")(Doc. No. 28)[1] and Daniels Capital Corporation's (hereinafter, "Daniels") Objection And Request For Hearing Regarding Debtor's Motion To Reinstate (hereinafter, "Objection")(Doc. No. 43). Arguments on the Motion and Objection were heard on June 17, 2010. Appearing at the June 17, 2010 hearing were: D. Sims Crawford, Chapter 13 Trustee, Nakita R. Blocton, attorney for Valeria Walker (hereinafter, "Debtor"), and Bradley R. Hightower, attorney for Daniels. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 157(a), and the District Court's General Order of Reference Dated July 16, 1984, As Amended July 17, 1984.[2] This is a core proceeding arising under Title 11 of the United States Code as defined in 28 U.S.C. § 157(b)(2)(A). This Court has considered the pleadings, the testimony and evidence, arguments of counsel, and the law and finds and concludes as follows.[3]

---

[1] References to pleadings in this bankruptcy case are cited as "Doc. No."

[2] The General Order of Reference Dated July 16, 1984, As Amended July 17, 1984 issued by the United States District Court for the Northern District of Alabama provides:

The general order of reference entered July 16, 1984 is hereby amended to add that there be hereby referred to the Bankruptcy Judges for this district all cases, and matters and proceedings in cases, under the Bankruptcy Act.

[3] This Memorandum Opinion constitutes findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, which is made applicable to this contested matter

# FINDINGS OF FACT[4]

On or about December 16, 2002, Debtor, an attorney, and Daniels entered into a contract (hereinafter, the "Agreement") whereby Debtor agreed to assign to Daniels several of her accounts receivable which were tied to legal services she had performed on behalf of the State of Alabama and a local municipality. (Doc. No. 43, at 1) Pursuant to this Agreement, Debtor would submit certified schedules (hereinafter,"Assignment Schedules") to Daniels. (*Id.*) These Assignment Schedules were to list the legal actions for which Debtor was owed a fee by the State or a municipality and the amount of the fees. (*Id.*, at 1-2) In return, Daniels would advance a percentage of the fees owed on these accounts receivable to Debtor. (*Id.*, at 2) Daniels would then collect the balance of these accounts receivable directly from the State of Alabama, the local municipality, or Debtor herself if the State of Alabama or the local municipality paid Debtor on an account receivable that had been assigned to Daniels. (*Id.*)

Pursuant to the Agreement, Debtor submitted several Assignment Schedules to Daniels. (*Id.*) In response, Daniels, consistent with its obligations under the Agreement, purchased the accounts receivable listed in these Assignment Schedules and advanced funds to Debtor. (*Id.*) However, Daniels alleges that it has been unable to collect all of the accounts receivable listed in Debtor's Assignment Schedules because Debtor submitted "false," "overstated," "duplicate," and "unfiled" Assignment Schedules. (*Id.*) On August 28, 2007, Daniels filed a complaint

---

by Federal Rules of Bankruptcy Procedure 7052 and 9014(c).

[4]Pursuant to Rule 201 of the Federal Rules of Evidence, the Court may take judicial notice of the contents of its own files. *See ITT Rayonier, Inc. v. U.S.*, 651 F.2d 343 (5th Cir. Unit B July 1981); *Florida v. Charley Toppino & Sons, Inc.*, 514 F.2d 700, 704 (5th Cir. 1975).

Case 10-02302-TOM13    Doc 56    Filed 07/15/10    Entered 07/15/10 15:20:12    Desc Main
Document    Page 2 of 11

(hereinafter, the "Complaint") against Debtor in the Circuit Court of Shelby County, Alabama (Case No. CV-07-900343)(hereinafter, the "State Court Action") based on these allegations. (*Id.*) Specifically, Daniels alleged causes of action against Debtor for fraud, breach of contract, unjust enrichment, and specific performance. (*Id.*, at 3) Debtor denied all of these claims. (*Id.*)

After the State Court Action had been litigated for a substantial amount of time, Daniels filed a motion for summary judgment against the Debtor. (*Id.*) A hearing on this motion for summary judgment was scheduled for April 12, 2010; however, Debtor, by and through her previous bankruptcy counsel, Erin L. Kline, filed an emergency chapter 13 bankruptcy petition[5] on April 9, 2010.[6] (*Id.*; Doc. No. 28, at 1) Debtor's counsel did not, however, file a creditors matrix with this petition. In response to this deficiency, the Clerk's office issued and filed a Notice to File Matrix on April 12, 2010 (Doc. No. 10), which provided that Debtor's case would be dismissed if a creditors matrix was not filed within five (5) days of the date of this Notice. Debtor did not comply with this notice. Consequently, her case was dismissed by the Court on April 20, 2010. (Doc. No. 17; Doc. No. 43, at 4)

Immediately after she received notice of the dismissal of her bankruptcy case, Debtor retained new bankruptcy counsel, Nakita R. Blocton, to seek reinstatement of her case. (Doc. No. 28, at 1) On May 3, 2010, Ms. Kline and Ms. Blocton filed a Joint Stipulation of Substitution of Counsel. (Doc. No. 19; Doc. No. 28, at 1) On the very same day, Debtor's new

---

[5] Debtor previously filed three other chapter 13 cases in the Northern District of Alabama (Case Nos. 87-02683, 87-09514, and 89-13387) and one chapter 7 case in the Middle District of Alabama (Case No. 05-34003). Debtor did not receive a discharge in any of her previous chapter 13 cases. She did, however, receive a discharge in her chapter 7 case.

[6] Debtor received her Certificate of Credit Counseling (Doc. No. 4) on the same day.

3

counsel filed a Motion To Reinstate her case. (Doc. No. 25) However, this motion was defective because it listed an incorrect case number. After receiving notice of this defect from the Clerk's office (Doc. No. 26), Debtor's counsel re-filed Debtor's Motion To Reinstate (Doc. No. 28)(the "Motion") with the correct case number on May 4, 2010. In this Motion, Debtor argues that her former counsel's failure to timely file a creditors matrix was due to no fault of her own; that she will be prejudiced if her case is not reinstated; and that her creditors will not be prejudiced if her bankruptcy case is reinstated. (Doc. No. 28, at 1) On May 6, 2010, the Court entered an Order granting Debtor's Motion To Reinstate (Doc. No. 31) if no objections were filed in opposition to it on or before May 27, 2010. (Doc. No. 43, at 4) On May 27, 2010, Daniels filed an objection - Daniels Capital Corporation's Objection And Request For Hearing Regarding Debtor's Motion To Reinstate (Doc. No. 43) - to Debtor's Motion To Reinstate, which argues that

> (1) the [Debtor's] case was not filed in good faith; (2) the Debtor's previous chapter 13 filings show that she is unlikely to complete her case and receive a discharge; (3) the debt that the Debtor owes to Daniels Capital is nondischargeable and more appropriately resolved outside of bankruptcy; and (4) the Debtor's case is still due to be dismissed pursuant to Section 109(h) of the Bankruptcy Code (credit counseling) even if it is reinstated.[7]

(Doc. No. 43, 4).

## CONCLUSIONS OF LAW

**A. Rules Governing "Motions To Reinstate"**

---

[7] In support of this contention, Daniels relies upon Judge Robinson's decision in the case of *In re Hammonds*, Case No. 08-40928-JJR-13, 2008 WL 4830071, at *4 (Bankr. N.D. Ala. 2008)(holding that "the plain language of Section 109(h) requires a debtor to obtain credit counseling within a certain number of days *preceding the date* of filing the petition....").

4

This Court finds that the request for reinstatement of this dismissed bankruptcy case is governed by Rule 59[8] - New Trial; Altering or Amending a Judgment - of the Federal Rules of Civil Procedure if timely filed.[9] Debtor's Motion To Reinstate[10] does not provide the Rule(s) under which Debtor seeks reinstatement of her case; however, given that she filed her Motion within fourteen days of the date of the dismissal of her case, Debtor presumably filed this Motion seeking relief under Rule 59(e).

**B. Relief Under Rule 59(e)**

This Court has considerable discretion in reconsidering a judgment under Rule 59(e). *See*

---

[8]Federal Rule of Civil Procedure 59 provides in part:
> **(e) Motion to Alter or Amend a Judgment.** A motion to alter or amend a judgment must be filed no later than *28* days after the entry of the judgment.

Federal Rule of Civil Procedure 59 is made applicable in bankruptcy proceedings by Rule 9023, which provides in part:
> *A motion for a new trial or to alter or amend a judgment shall be filed, and a Court may on its own order a new trial, no later than 14 days after entry of judgment.*

[9]In *Livernois v. Medical Disposables, Inc.*, the Eleventh Circuit noted that a motion for reconsideration which was filed within eight (8) days of the district court's judgment (and therefore timely filed for the purpose of engaging Rule 59) may be considered either a Rule 59 motion or a Rule 60 motion. 837 F.2d 1018, 1020 (11th Cir. 1988); *see also Jacobs v. Elec. Data Sys. Corp.*, 240 F.R.D. 595, 599 (M.D. Ala. 2007)(a motion to vacate a summary judgment that is timely filed under Rule 59(e) does not "preclude the court from considering its merits under Rule 60(b)").

In the present case, Debtor filed her corrected Motion on May 4, 2010, which was the fourteenth day after Debtor's case had been dismissed by this Court. Therefore, Debtor's Motion may be considered as a Rule 59 motion to alter or amend this Court's order.

[10]The Court notes that neither the Federal Rules of Civil Procedure nor the Federal Rules of Bankruptcy Procedure recognize a Motion To Reinstate. However, since "[n]omenclature does not control the legal status of a post-trial motion," *Livernois*, *supra.*, the Court views this Motion To Reinstate as one requesting relief under Federal Rule of Civil Procedure 59 (*i.e.* a motion to alter or amend a judgment).

*American Homes Assur. Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985).  However, "'[t]he only grounds for granting [a Rule 59] motion are newly discovered evidence or manifest errors of law or fact.'"  *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)(quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)).  Stated another way, "'[a] motion to [alter or amend a judgment] is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice.'"  *Fox v. Tyson Foods, Inc.*, Case Nos. 4:9-CV-1612-VEH, 4:06-CV-4676-VEH, 4:06-CV-4677-VEH, 2007 WL 6477624, at *1 (N.D. Ala. August 31, 2007)(quoting *Summit Medical Center of Alabama, Inc. v. Riley*, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003)) .

**1.  Intervening Change In Controlling Law, Availability of New Evidence, And Clear Error of Fact or Law**

In the present case, there has been no intervening change in controlling law.  With respect to the availability of new evidence, one might argue that the additional pleadings filed by the Debtor after her case was dismissed amount to new evidence.  However, as noted by the Eleventh Circuit, "the moving party will not prevail on a Rule 59(e) motion that introduces previously unsubmitted evidence absent a showing that the evidence was unavailable at the time of the judgment."  *Mincey v. Head*, 206 F.3d 1106, 1137 n. 69 (11th Cir. 2000).  For purposes of a Rule 59(e) motion to alter or amend a judgment, evidence was previously unavailable if it could not with reasonable diligence have been discovered and produced prior to the judgment or order.  *See Equity Inv. Partners, LP v. Lenz*, Case No. 08-60630-CIV, 2009 WL 1654531, at *4 (S.D. Fla. 2009).  Debtor's post-dismissal pleadings include information - Debtor's creditor information -

that should have been readily available to Debtor and her former bankruptcy counsel prior to the dismissal of her case; therefore, Debtor's Rule 59(e) can not succeed under the theory of the availability of new evidence. Additionally, Debtor may not gain relief under Rule 59(e) due to a clear error of fact or law. The Court's decision to dismiss Debtor's case was properly grounded in fact and law. Thus, there is no clear error of fact or law to correct.

### 2. Manifest Injustice

Because Debtor cannot successfully argue that she is entitled to the alteration or amendment of this Court's order dismissing her case because of an intervening change in controlling law, the availability of new evidence, or a clear error of fact or law, Debtor can only be successful in gaining relief under Rule 59(e) if she proves that there is a need to correct manifest injustice. Debtor's request for relief is founded upon her former bankruptcy counsel's failure to timely file a creditor matrix, which ultimately led to the dismissal of her bankruptcy case. Thus, this Court must determine whether denial of the Debtor's right to continue in this chapter 13 case will amount to manifest injustice.

In the case of *Jacobs v. Electronic Data Systems Corp.*, Judge Thompson noted that attorney misconduct which results in "a complete failure of an attorney to provide any meaningful representation at all" may justify relief under Rule 60(b)(6) and the manifest injustice provision of Rule 59(e). *Jacobs v. Elec. Data Sys. Corp.*, 240 F.R.D. 595, 601 (M.D. Ala. 2007) (citing *Boughner v. U.S. Sec'y of Health, Educ. and Welfare*, 572 F.2d 976, 978 (3d Cir. 1978)(relief to appellants under Rule 60(b)(6) was appropriate where appellants' attorney failed to oppose the motions for summary judgment filed against them, resulting in the entry of summary judgment against each of them)); *L.P. Steuart, Inc. v. Matthews*, 329 F.2d 234, 235

(D.C. Cir. 1964)(reinstatement of appellee's case under Rule 60(b)(6) was appropriate where appellee's personal injury case was dismissed without prejudice after appellee's counsel failed to prosecute appellee's case)). The Court finds that Debtor's former bankruptcy counsel in this case completely failed to provide her with any meaningful representation. Apart from filing Debtor's emergency bankruptcy petition, which was deficient, Ms. Kline wholly failed to represent Debtor in this case. The record reflects that Ms. Kline failed to respond in any manner to the notice this Court provided to her on April 12, 2010, which outlined the deficiency in Debtor's bankruptcy petition (the absence of a creditor matrix) and the consequences for failing to timely file her creditor matrix (dismissal of Debtor's case). Consequently, Debtor, through no fault of her own[11], lost the benefit of this bankruptcy case. In the Court's opinion, this result amounts to manifest injustice that can be remedied though the granting of relief under Rule 59(e).

Daniels argues that the granting of relief under Rule 59(e) will not lead to a more favorable outcome for Debtor in light of Judge Robinson's holding in the case of *In re Hammonds*, *supra.*, which provides that a debtor is ineligible to file bankruptcy if she/he obtains credit counseling pursuant to 11 U.S.C. § 109(h) on the date of the bankruptcy filing; therefore, this Court should not grant Debtor relief under Rule 59(e). In other words, because Debtor is ineligible for bankruptcy per Judge Robinson's decision in *In re Hammonds* due to the fact that

---

[11]Counsel for Daniels contends that Debtor is not wholly without blame for her former bankruptcy counsel's failure to timely file a creditor matrix because Debtor is an attorney who, through her own experiences in bankruptcy, knows that a creditor matrix must be timely filed with the Court. The Court does not agree with this contention. Though Debtor is an attorney, there is no evidence that she is a bankruptcy attorney. Further, Debtor hired Ms. Kline to represent her in this bankruptcy. Thus, the burden to file the creditor matrix was on Ms. Kline, not the Debtor.

Case 10-02302-TOM13    Doc 56    Filed 07/15/10    Entered 07/15/10 15:20:12    Desc Main
Document      Page 8 of 11

she obtained her Section 109(h) credit counseling on the same day her bankruptcy petition was filed, this Court should not grant Debtor relief under Rule 59(e). In response to this argument, the Court first notes that this argument was not raised by anyone, including Daniels, at the time of the filing of this case. Second, though it is aware of Judge Robinson's holding in *In re Hammonds*, this Court has not addressed the issue since no party has raised it and thus far this Court has not adopted Judge Robinson's interpretation of Section 109(h). No testimony or evidence was submitted on this issue and based on that the Court does not find that Debtor is prohibited from obtaining relief under Rule 59(e) due to the fact that she obtained her Section 109(h) credit counseling on the date of the filing of her bankruptcy petition in this case.

Daniels also argues that this Court should not grant Debtor relief under Rule 59(e) because Debtor's request for reconsideration of this Court's order is a "'result of a poor strategic decision' of the [Debtor's] own making [*i.e.* Debtor's emergency bankruptcy petition]." (Doc. No. 43, at 7)(quoting *GenCorp, Inc. v. AIU Ins. Co.*, 178 F.3d 804, at 834 (6th Cir. 1999)(holding that relief under Rule 59(e) is not available where the reason for requesting the relief is the "result of a poor strategic decision")). Debtor is requesting relief from this Court based upon the fact that her bankruptcy case was dismissed due to her former bankruptcy counsel's failure to act; she is not requesting relief from this Court because she filed an emergency bankruptcy petition.[12] As such, the proper inquiry is whether Ms. Kline's misconduct - her failure to timely file a creditor matrix - was a "poor strategic decision." A "poor strategic decision" implies that counsel considered her clients' options and chose poorly. In this case, the evidence shows that

---

[12]The Court notes that emergency filings are permissible so long as the required schedules are filed. *See* Fed. R. Bankr. P. 1007.

9

Ms. Kline wholly failed to consider her client by failing to respond in any manner to the April 12, 2010 notice she received from this Court. Thus, Debtor's reason for requesting relief from this Court's order is not a result of a "poor strategic decision."

Daniels asserts other arguments in opposition to Debtor's Motion: (1) that "the debt that Debtor owes to Daniels is nondischargeable and more appropriately resolved outside of bankruptcy;" (2) the likelihood that Debtor is unlikely to complete this bankruptcy case in view of her previous bankruptcy filings; and (3) the case was not filed in good faith. With respect to the first of these arguments, Daniels' counsel is well aware that a matter concerning the dischargeability of a debt is to be dealt with in the context of an adversary proceeding. *See* Fed. R. Bankr. P. 7001(6). If Daniels wishes to contest the dischargeability of the debt Debtor owes to Daniels, then Daniels may do so by filing an adversary proceeding. As to the second of these arguments, the Court finds that Debtor's previous chapter 13 bankruptcies are not relevant in this proceeding due to the fact that they were all filed over twenty (20) years ago. As to Daniels' lack of good faith argument, the Court finds that Daniels did not provide any testimony or evidence to support this mere allegation. Further, the Court finds that a review of Debtor's proposed chapter 13 plan indicates otherwise: Debtor is attempting to pay for two older vehicles, as well as state and federal taxes, and she proposes to pay unsecured creditors 5%.

## II.  CONCLUSION

Based upon the foregoing, the Court finds that Debtor's Motion To Reinstate is due to be granted. Accordingly, it is hereby

**ORDERED, ADJUDGED AND DECREED** that Debtor's Motion To Reinstate is **GRANTED**.

Dated this the 15th day of July, 2010.

                                                     **/s/ Tamara O. Mitchell**
                                                     **TAMARA O. MITCHELL**
                                                     **United States Bankruptcy Judge**

TOM: rdt

xc:    Nakita R. Blocton, attorney for Debtor
        Bradley R. Hightower, attorney for Daniels Capital Corporation
        D. Sims Crawford, Standing Chapter 13 Trustee